## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

**STEPHEN S. DREW, individually and on
behalf of a proposed class,**

     **Plaintiff,**

**v.**                           **CIVIL NO.** `3:12-cv-9022`
                                                   _____

**ENERGY FUTURE HOLDINGS CORPORATION,
LUMINANT MINING COMPANY, LLC,
and HIRERIGHT SOLUTIONS, INC.,**

     **Defendants.**

## <u>COMPLAINT</u>

Plaintiff Stephen S. Drew, on his own behalf and a proposed class, alleges as follows:

### PRELIMINARY STATEMENT

1.    Defendant Energy Future Holdings Corporation ("EFH") and its subsidiary,

Luminant Mining Company, LLC ("Luminant") (hereafter collectively "Defendants"), routinely

obtain and use information in consumer reports to conduct background checks on prospective

employees and existing employees, and frequently rely on such information, in whole or in part,

as a basis for adverse employment action, such as termination, reduction of hours, change in

position, failure to hire, and failure to promote.

2.    While the use of consumer report information for employment purposes is not *per

se* unlawful, it is subject to strict disclosure requirements under the FCRA. Defendants have

willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's

rights and the rights of other putative class members.

3.    Defendants violated 15 U.S.C. §1681b(b)(3)(A) by taking adverse employment

action against Plaintiff and other putative class members based on undisclosed consumer report

583388

information, without first providing Plaintiff and other affected class members with a copy of the pertinent consumer report, and without providing them a reasonable opportunity to respond to the information in the report and discuss it with Defendants.

4.      HireRight Solutions, Inc. ("HireRight" and "Co-Defendant") is the "consumer reporting agency" that provided the consumer report background check to the Defendants.  It inaccurately included a criminal disposition that had actually been dismissed.

5.      Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendants on behalf of himself and a class of Defendants' employees and prospective employees, and an individual claim against HireRight.

6.      On behalf of himself and the putative class, Plaintiff seeks statutory and punitive damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

## VENUE AND JURISDICTION

7.   This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331.

8.      Venue is proper because the Plaintiff resides in this District and because most events and all damages suffered by him occurred in this District.  Defendants hire from a pool of applicants around the nation.  Most of the application process is conducted with the consumer in their home locale.  Most of the events regarding employment background checks are disbursed around the nation where the various subject public records are obtained and gathered in courthouses and databases in all 50 states.  For example, the records and third party court employees at issue regarding the Plaintiff are from Montana.

583388

## PARTIES

9.      Individual and representative Plaintiff Stephen S. Drew is a "consumer" as protected and governed by the FCRA, and is a member of the putative classes defined below. Drew is a resident of Hurricane, West Virginia.

10.     Upon information and belief, Defendant Energy Future Holdings Corporation ("EFH") is foreign corporation and at all times relevant hereto was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

11.     Upon information and belief, Defendant Luminant Mining Company, LLC ("Luminant") is a subsidiary of EFH, is a foreign corporation, and at all times relevant hereto was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

12.     On information and belief, Plaintiff alleges that both Defendants have integrated their human resources functions such that both did act as a FCRA "user" with regard to the application and hiring process for the Plaintiff and each putative class member.  Accordingly, the allegations made herein are made jointly.

13.     Upon information and belief, HireRight, Inc. ("HireRight") is a foreign corporation with its principal office located at 4500 South 129th East Avenue, Tulsa, OK 74134. At all times relevant hereto, it was a "consumer reporting agency" as governed by the FCRA.

## FACTS

### Allegations Relating to Plaintiff Drew

14.     On or about May 30, 2003, Drew completed a deferred sentence stemming from a criminal charge in Rosebud County, Montana.  The Order of Deferral was entered by the Rosebud County District Court.

583388

15. Pursuant to the Montana Code of Criminal Procedure 46-18-204, Dismissal After Deferred Imposition, the Court ordered Drew's plea stricken and dismissed the charges that were lodged against him. Additionally, according to the Montana statute, all information regarding the charge was to be considered confidential and may only be obtained by a court order for good cause.

16. In or about January 2012, Drew applied for a job with Defendants. The position had been advertised to reach the Plaintiff in West Virginia.

17. On or about January 24, 2012, Drew participated in a telephone interview from West Virginia with Defendants. He then completed a second in-person interview.

18. On or about February 24, 2012, Drew received a job offer while he was in West Virginia by telephone from Defendants consisting of $61,500 annual pay, plus benefits. He was to hold the job title of Senior Planning Analyst, with an effective date of March 12, 2012.

19. On or about March 2, 2012, Drew received a Federal Express package from Kathie Hemphill, an employee of Defendants. The Defendants sent the package to West Virginia. It consisted of an of Offer of Employment letter, signed by Eugene Holub, Luminant Supervisor of Mine Planning; a Benefits Summary for New Employees; drug testing instructions; and two Consumer Disclosure authorization forms for EFH, its subsidiaries and its designated agents and representatives.

20. In the Offer of Employment letter, Drew was informed that Defendants' offer was contingent upon completion of a satisfactory background check and drug screen.

21. On or about March 5, 2012, at Defendants' instruction, Drew reported to the LabCorp facility located in Hurricane, West Virginia for the required drug screen, and returned

4

by facsimile to Hemphill the signed EFH Consumer Disclosure authorization forms.  The drug screen was returned to HireRight as negative the following day.

22.    On or about March 6, 2012, Drew received a telephone call from an EFH employee named "Adelade," who informed him that the offer of employment was rescinded because a 2001 criminal conviction appeared on his background check.

23.    During the March 6, 2012 telephone call, Drew refuted the criminal conviction and stated that the information was erroneous.

24.    On or about March 28, 2012, Drew contacted the Clerk of the Rosebud County District Court.  He was told that on March 12, 2012, the court had provided EFH with a facsimile that stated:  *"No Information Found."*  Drew emailed Hemphill to let her know that the court had sent the facsimile.

25.    After days had passed with no further communication from Luminant or EFH, on or about April 5, 2012, Drew received a call from Defendants' employee Jacobsen, who indicated he was in possession of a Sentencing Order regarding Drew's criminal conviction. Drew informed Jacobsen that the information was incorrect and that there was no criminal conviction entered against him.  Jacobsen said that unless Drew could provide proof, the employment decision would not be reconsidered.

26.    On or about April 9, 2012, Drew provided to Jacobsen the Rosebud County Court Order that sealed his record and dismissed the charges against him.  Drew also then requested from Defendants copies of the credit reports and background checks that EFH had obtained, but was informed by Jacobsen to request them from HireRight.

583388

27.    Jacobsen also informed Drew that EFH does not pull credit reports, but has a corporate security team that performs background checks.  Defendants refused to provide Drew with a copy of their background investigation.

28.    On April 13, 2012, HireRight provided to Drew a copy of its report, supposedly dated March 6, 2012, that was provided to EFH to evaluate his employment with Luminant.  The report now showed that there was no court record found regarding any criminal felony or misdemeanor conviction in Rosebud County.

29.    In an email to Drew dated April 18, 2012, Jacobsen stated that although Drew provided documentation that proved he did not have a criminal conviction, the conviction came up in the initial background check, and EFH would have to rely on that.  Jacobsen informed Drew the offer of employment would not be reinstated.

30.    The initial background check furnished to EFH by HireRight was inaccurate.  All charges against Drew had been dismissed per Court Order.

31.    Neither Defendant provided Drew a copy of all consumer reports or the "Summary of Rights" disclosures required by the Federal Trade Commission.

32.    Both before and at the time Defendants informed Drew they had withdrawn his offer of employment, Defendants failed to provide Drew with a copy of all consumer reports or current written summary of his rights under the FCRA.

**Allegations Regarding Defendants' Business Practices**

33.    Defendants routinely conduct background checks on all job applicants as part of a standard screening process.  In addition, Defendants also conduct background checks on existing employees from time-to-time during the course of their employment.

583388

34.     The FCRA provides that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . a copy of the report[.]" 15 U.S.C. § 1681b(b)(3)(A)(i).

35.     On information and belief, Defendants typically do not provide job applicants or employees with a copy of their consumer reports when they take adverse action against them based on the information in such reports.

36.     This practice violates one of the most fundamental protections afforded to employees under the FCRA, and also runs counter to longstanding regulatory guidance.  (*See* Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq., regarding Section 604(b), Section 605, and Section 607 of the Fair Credit Reporting Act)  ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken.  Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information [.]")).

37.     Defendants had substantial notice that their failures violated the FCRA.  Section § 1681b(b)(2) requires an employer who uses a consumer report in an adverse action decision process to provide the consumer his or her report and FCRA statement of rights at least five business days before beginning that process. *Beverly v. Wal-Mart*, 3:07-cv-469 (E.D. Va. January 11, 2008); *Williams v. Telespectrum,* 3:05-cv-853 (E.D. Va. November 7, 2006); *Johnson v. ADP,* 768 F. Supp.2d 979 (D. Minn. 2011); *Daniel, et al v. Swift Transportation*

*Corp,* CV-11-1548-PHX-ROS (Az. January 9, 2012); *Reardon v. Closetmaid*, 2:08-cv-01730

(W.D. Pa. April 27, 2011).

38.     By failing to provide Drew and other putative class members with copies of their

consumer reports prior to taking adverse employment action against them based on such reports,

Defendants willfully disregarded this regulatory guidance and the plain language of the statute in

violation of 15 U.S.C. § 1681b(b)(2)(A).

## CLASS ACTION ALLEGATIONS

39.     Plaintiff asserts his claim in Count One on behalf of a putative class initially

defined as follows:

> All natural persons residing in the United States (including all territories and other
> political subdivisions of the United States), (a) who applied for an employment
> position with Defendants or any of their subsidiaries, (b) as part of this application
> process were the subject of a consumer report obtained by Defendants, (c) where
> that consumer report contained a criminal public record or credit item that would
> disqualify the person from such position under Defendants' written hiring
> policies, (d) which consumer was not then approved or hired for the position, (e)
> and to whom Defendants did not provide a copy of the consumer report and other
> disclosures stated at 15 U.S.C. § 681b(b)(3)(A)(ii) at least five business days
> before the date the employment decision is first noted in Defendants' records.

40.     Plaintiff also asserts his claim in Count One on behalf of a putative Fourth Circuit

sub-class initially defined as follows:

> All natural persons who at the time they resided in West Virginia, Virginia,
> Maryland, North Carolina or South Carolina, (a) applied for an employment
> position with Defendants or any of their subsidiaries, (b) as part of this application
> process were the subject of a consumer report obtained by Defendants, (c) where
> that consumer report contained a criminal public record or credit item that would
> disqualify the person from such position under Defendants' written hiring
> policies, (d) which consumer was not then approved or hired for the position, (e)
> and to whom Defendants did not provide a copy of the consumer report and other
> disclosures stated at 15 U.S.C. § 681b(b)(3)(A)(ii) at least five business days
> before the date the employment decision is first noted in Defendants' records.

583388

41.    <u>Numerosity</u>:   Upon information and belief, Plaintiff alleges that the putative class is so numerous that joinder of all class members is impracticable.  Defendants regularly obtain and use information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently rely on such information, in whole or in part, as a basis for adverse employment action.  Plaintiff believes based on the size of Defendants that during the relevant time period, hundreds of Defendants' employees and prospective employees satisfy the definition of the putative class.

42.    <u>Typicality</u>:  Plaintiff's claims are typical of the members of the putative class. Defendants typically use consumer reports to conduct background checks on employees and prospective employees.  Defendants typically do not provide copies of consumer reports to employees or prospective employees before taking adverse action based on information contained in such reports. The FCRA violations suffered by Plaintiff are typical of those suffered by other putative class members, and Defendants treated the Plaintiff consistently with other putative class members in accordance with their standard policies and practices.

42.    <u>Adequacy</u>:   Plaintiff will fairly and adequately protect the interests of the putative class, and has retained counsel experienced in complex class action litigation.

43.    <u>Commonality</u>:  Common questions of law and fact exist as to all members of the putative class, and predominate over any questions solely affecting individual members of the putative class, including but not limited to:

   a.    Whether Defendants use consumer report information to conduct background checks on employees and prospective employees;

   b.    Whether Defendants violated the FCRA by taking adverse action against Plaintiff and other members of the putative class on the basis of information in a consumer report, without first furnishing a copy of the report to the affected persons;

     c.     Whether Defendants violated the FCRA by taking adverse action against Plaintiff and other members of the putative class on the basis of information in a consumer report, without first furnishing the Summary of Rights disclosures promulgated by the Federal Trade Commission;

     d.     Whether Defendants' violations of the FCRA were willful; and

     e.     The proper measure of statutory damages.

44.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the putative class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

45.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants' conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the putative class do not have an interest in pursuing separate actions against Defendants, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendants by any members of the putative class on an individual basis.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not likely present any difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

583388

46.     Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 23. The names and addresses of the putative class members are available from Defendants' records.

### COUNT ONE:
### Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(3)(A)
### (Class Claim)
### Against Energy Future Holdings Corporation
### and Luminant Mining Company, LLC

47.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

48.     Defendants used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other putative class members.

49.     Defendants violated the FCRA by failing to provide Plaintiff and other putative class members with a copy of the consumer report that was used to take adverse employment action against them.  *See* 15 U.S.C. § 1681b(b)(3)(A).

50.     Defendants violated the FCRA by failing to provide Plaintiff and other putative class members with a copy of the consumer report that was used to take adverse employment action against them at least five (5) business days before doing so.  *See* 15 U.S.C. § 1681b(b)(3)(A).

51.     Defendants willfully violated the FCRA, 15 U.S.C. § 1681b(b)(3)(A)(ii), because they failed to provide Plaintiff and all other similarly situated applicants and employees an accurate and current summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on the consumer report.

583388

52.    The foregoing violations were willful.  Defendants acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff and other putative class members under 15 U.S.C. § 1681b(b)(3)(A).

53.    Plaintiff and the putative class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, and punitive damages, pursuant to 15 U.S.C. § 1681n.

54.    Plaintiff and the putative class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**COUNT TWO:**
**Fair Credit Reporting Act, 15 U.S.C. §1681e(b)**
**(Individual Claim)**
**HireRight Solutions, Inc.**

55.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

56.    Co-Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding the Plaintiff.

57.    As a result of this conduct by the Co-Defendant the Plaintiff suffered actual damages, including without limitation, by example only and as described herein on his behalf by counsel:  loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

58.    Co-Defendant's violations of 15 U.S.C. § 1681e(b) was willful, rendering Co-Defendant liable pursuant to 15 U.S.C. §1681n.  In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

583388

59.    The Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Co-Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the putative class, requests the Court:

A.    Determine that this action may proceed as a class action under Rule 23(b)(l), (2) and (3) of the Federal Rules of Civil Procedure as to Count One;

B.    Designate Plaintiff as class representative and Plaintiff's counsel as counsel for the putative class;

C.    Issue proper notice to the putative class at Defendants' expense;

D.    Declare that Defendants committed multiple violations of the FCRA;

E.    Declare that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and their obligations under the FCRA;

F.    Award actual damages to the Plaintiff against Co-Defendant pursuant to Count Two;

G.    Award statutory damages to the Plaintiff and the class pursuant to Count One against Defendants, and to the Plaintiff pursuant to Count Two against the Co-Defendant, as provided by the FCRA;

H.    Award punitive damages to the Plaintiff and the class pursuant to Count One against Defendants, and to the Plaintiff pursuant to Count Two against the Co-Defendant, as provided by the FCRA;

I.    Award reasonable attorneys' fees and costs as provided by the FCRA; and

J.    Grant other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the putative class demand a trial by jury.

583388

**STEPHEN S. DREW**, Plaintiff
By Counsel

*s/ John W. Barrett*
John W. Barrett (WVSB #7289)
Jonathan R. Marshall (WVSB #10580)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555 – Telephone
(304) 340-2284 – Facsimile
Email:  jbarrett@baileyglasser.com
Email:  jmarshall@baileyglasser.com

*Attorneys for the Plaintiff*

14

583388